IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV67-03-MU

BRIAN KELLY FERGUSON,            )
                                 )
        Plaintiff,                )
                                 )
        v.                        )        **O R D E R**
                                 )
CAPTAIN CHRIS BRACKETT            )
                                 )
        Defendant.                )
_____)
                                 )

**THIS MATTER** comes before the Court on Defendant Chris Brackett's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2),(4),(5),[1] Rule 12(b)(6),[2] Rule 12(c), Rule 12(b)(7) and Rule 19, and Motion for a More Definite Statement pursuant to Rule 12(e) and Motion for an Extension of Time to File Additional Responsive Pleadings. (Doc. No. 8).

In his Complaint, Plaintiff alleges that on December 29, 2006, while housed in the Caldwell County Jail, Plaintiff was housed with an inmate who had active tuberculosis. Plaintiff contends that he requested "Detention Center officials to place [him] in a non-exposed environment..." but that he was not moved and that nine months later, in September 2007, he tested positive for tuberculosis.

---

[1] To the extent that Defendant contends that he was not properly served, this Court directs the Marshals Service to re-serve Defendant at his home address which has been provided to the Marshals Service by the Court. To this extent Defendant's counsel finds this unnecessary in that he is no longer contesting the adequacy of the service of process, counsel may file a document indicating as much.

[2] To the extent that Defendant moves to dismiss Plaintiff's Complaint because Plaintiff only intended to sue Defendant in his official capacity, such motion is denied. A 1983 plaintiff is not required to expressly plead that he is suing state officials in their individual, rather than official, capacities. Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995).

1

Medications and treatments were provided by the Caldwell County Health Department, however, Plaintiff contends that Captain Chris Brackett "interrupted the prescribed treatment, of his own person, therefore causing a failure to provide treatment, by not allowing outside care to be given or arrange for the Petitioner's serious medical need to be adequately treated." (Complaint at 3.) The Court notes that while the Caldwell County Jail was named as a defendant in Plaintiff's Complaint, the Court dismissed the county jail as Plaintiff's allegations did not implicate any county policy or custom that caused Plaintiff's alleged constitutional violation.

Defendant's various motions to dismiss Plaintiff's Complaint are denied. Defendant also moved this Court to direct Plaintiff to amend his Complaint to provide a more definite statement as to his specific allegations against Defendant Brackett and in particular, to require that Plaintiff specifically articulate when, where and how or in what manner Defendant Brackett interrupted Plaintiff's treatment and prevented outside care from being given to Plaintiff. Defendant's Motion for a More Definite Statement is granted and Plaintiff is required to specifically state when, where and how or in what manner Defendant Brackett interrupted Plaintiff's treatment and prevented outside care from being given to Plaintiff. Plaintiff shall file his Amended Complaint with the above specific information within thirty days from the date of this Order. Failure to file an Amended Complaint **MAY RESULT IN THIS DISMISSAL OF THIS ACTION**

Defendant's Motion for an Extension of Time to File Additional Pleadings is Granted. Defendant shall file a responsive pleading to Plaintiff's Amended Complaint no later than ten (10) days from the date of filing of Plaintiff's Amended Complaint as required by the Federal Rules of Civil Procedure. To the extend a dispositive motion is also appropriate, the Court will consider it at the same time.

# ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED that**

1) Defendant's Motion to Dismiss Plaintiff's Complaint is DENIED;

2) Defendant's Motion for A More Definite Statement is GRANTED. Plaintiff shall file an Amended Complaint as specified in this Order no later thirty (30) days from the filing of this Order. Failure to file an Amended Complaint specifically stating when, where and how or in what manner Defendant Brackett interrupted Plaintiff's treatment and prevented outside care from being given to Plaintiff **MAY RESULT IN THE DISMISSAL OF PLAINTIFF'S COMPLAINT**.

3) Defendant's Motion for an Extension of Time to File Additional Pleadings is GRANTED. Defendant shall file a responsive pleading to Plaintiff's Amended Complaint no later than ten (10) from the date of filing of Plaintiff's Amended Complaint as required by the Federal Rules of Civil Procedure. To the extent that counsel requires additional time to file a responsive pleading, counsel may file a motion for an extension of time. To the extent a dispositive motion is also appropriate, the Court will consider it at the same time.

4) The Clerk shall issue summons and deliver it forthwith to the U.S. Marshal who will re-serve Defendant Chris Brackett without additional cost. The summons and executed copy of the summons which is served on the Plaintiff shall be redacted so that Defendant's home address is not included. Defendant's home address has been provided to the Clerk.

**SO ORDERED**.

Signed: September 15, 2008

Graham C. Mullen
United States District Judge