IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV67-03-MU

| | |
|---|---|
| BRIAN KELLY FERGUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| CAPTAIN CHRIS BRACKETT, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Plaintiffs' Complaint pursuant to 42 U.S.C. § 1983, filed December 19, 2008 (Document No. 1 ); Plaintiff's Motion for Summary Judgment, filed September 30, 2008[1] and March 5, 2009[2] (Doc. Nos. 16 and 20); Defendant's Motion for Summary Judgment, filed March 16, 2009 (Doc. No. 21) and Plaintiff's Motion for the Appointment of Counsel, (Doc. No. 24) and Motion for the Production of Documents (Doc. No. 25) both filed April 20, 2009. The Court notes that by Order dated March 16, 2009, this Court sent the Plaintiff an Order in compliance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (Doc. No. 23.) In this Order, the Court notified Plaintiff that Defendant had filed a Motion for Summary Judgment and directed that Plaintiff had thirty (30) days in which to file a response to Defendant's Motion for Summary Judgment. Plaintiff was specifically cautioned that failure to respond within this time

---

[1] Although Plaintiff's document was labeled a motion for summary judgment, it was construed by this Court as a more definate statement filed in response to this Court's September 16, 2008 (Doc. No. 9.)

[2] Although Plaintiff's document was labeled a motion for summary judgment, such document was a simple handwritten half page document, with no supporting evidence, simply asking that the Court award Plaintiff summary judgment.

1

frame may subject this action to summary judgment.

In his Complaint against the Caldwell County Jail[3] and Captain Chris Brackett, Plaintiff contends that in December 2006, he asked "detention center officials" to move him after learning that his cell mate had active tuberculosis and his request was refused. Several months later in September 2007, Plaintiff tested positive for tuberculosis and was provided medications and treatment by the Caldwell County Health Department. However, "Capt. Chris Brackett of the Caldwell County Detention Center, interrupted the prescribed treatment, of his own person, therefore causing a failure to provide treatment by not allowing outside care to be given for the Petitioner's serious medical need to be adequately treated." (Complaint at 3.)

On March 16, 2009 Defendant filed a Motion for Summary Judgment (Doc. No. 21.) Plaintiff has failed to file a response to Defendant's Motion for Summary Judgment as directed in the Court's <u>Roseboro</u> Order (Doc. No. 23) and the deadline for filing a response has expired. The Court has carefully reviewed the Motion for Summary Judgment and the brief in support and finds that for the reasons set forth therein, Defendant is entitled to summary judgment. Specifically, Plaintiff's allegations are conclusory and unsubstantiated. Moreover, Plaintiff has simply not met his burden and has not established any evidence in support of his allegations against Defendant Christopher Brackett.[4]

---

[3] The Caldwell County Jail was dismissed as a Defendant by order dated July 31, 2008 (Doc. No. 3.)

[4] Indeed, in one of Plaintiff's filings, he alleges that it was Defendant's negligence that caused Plaintiff to get the TB virus (Doc. No. 18.) The Court notes that in addition reasons set forth in Defendant's Motion for Summary Judgment, negligence, in the context of a deliberate indifference claim, does not state a constitutional claim. <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976); <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).

With respect to Plaintiff's request for counsel, appointment of counsel under § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and ability of pro se litigant to present case. Whisenant, 739 F.2d at 163. This case is not an exceptional case in that it is not complex and Plaintiff has exhibited the ability to present his case to the Court. Therefore Plaintiff's motion is denied.

Next, with respect to Plaintiff's Motion for discovery, Plaintiff has asked for "all documents for my discovery" and a copy of his medical records. With respect to his first request, it is not specific. While Plaintiff's medical records could possible be relevant to his claim,[5] Plaintiff has not responded to Defendant's Motion for Summary Judgment within the time provided in the Court's Roseboro Order nor has be sought an extension of time to do so. Indeed, the time to file a response has expired. Therefore, Plaintiff's discovery motion is denied as moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1) Defendant's Motion for Summary Judgment (Doc. No. 20) is **GRANTED**;

(2) Plaintiff's Complaint is dismissed;

(3) Plaintiff's Motion for the Appointment of Counsel and for Discovery (Doc. Nos. 24 and 25) and DENIED.

(4) Plaintiff's Motions for Summary Judgment (Doc. Nos. 16 and 20) are not proper motions for summary judgment as discussed in footnotes 1 and 2 and are therefore denied, however, they

---

[5] Moreover, Plaintiff alleged that it was Defendant brackett's negligence that cause him to get the TB virus. As this Court has already noted, negligence in the context of a deliberate indifference claim, does not state a constitutional claim.

have been considered by the Court.

**SO ORDERED**.

Signed: May 12, 2009

Graham C. Mullen
United States District Judge